BOLIN, Judge.
Louisville Chair Company, Inc., sued Julian Furniture Company, Inc., in the City Court of Shreveport for $285.90, allegedly due on open account for furniture sold by plaintiff to defendant. For oral reasons judgment was rendered in favor of plaintiff as prayed for and defendant appeals. We affirm the judgment of the lower court.
The issue on appeal is whether Eugene J. Coen, Jr., manager of defendant corporation, had the authority to bind defendant corporation of which his father, Eugene J. Coen, was president.
The testimony was not transcribed but in lieu thereof a stipulation of facts was filed, together with a deposition of Eugene J. Coen, Jr. From these documents we find the facts to be:
Eugene J. Coen, Jr., was the manager and sole employee of Julian Furniture Company which company was engaged in the repair and occasional sale of used furniture. In the conduct of its business the corporation maintained a large warehouse for storage and repair of furniture principally used in furnishing residential rent property owned by Coen, Sr. Coen, Jr., also ran a sewing machine business on the premises of the furniture company. The merchandise involved in this suit was purchased new, which was apparently the first time any new furniture had been bought by defendant corporation. Coen, Sr., testified his son had no authority to bind the corporation. He further testified he had no knowledge of the indebtedness until he was served with citation in this suit.
Coen, Jr., also testified he had no authority to bind the corporation. However, in *429 his deposition, taken prior to trial and introduced for the purpose of impeachment, he stated he had the general authority to operate defendant corporation. He further testified he ordered the furniture, the unpaid price of which is the basis of this suit, believing he had authority to buy the furniture. He admitted his father at a later date admonished him about making the purchase.
From our view of the limited evidence in the case, we conclude Coen, Jr., as general manager of defendant corporation, was clothed with the implied authority to bind Julian Furniture Company, Inc., for the purchase price of the merchandise made the basis of this suit. Coen, Sr., as president of defendant corporation, having clothed his son with general authority to manage the corporation, cannot retroactively withdraw his agent’s authority to bind the corporation in the operation of its usual course of business.
For the reasons assigned the judgment of the lower court is affirmed at appellant’s cost.